```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ALBERT V. FERGUSON,

    Plaintiff,

v.                                    Case No. 8:14-cv-1231-T-33TBM

CHC VII, LTD.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant CHC VII, LTD.'s Motion for Judgment on the Pleadings (Doc. # 26), filed on October 30, 2014. Plaintiff, Albert V. Ferguson, did not file a response in opposition to the Motion. For the reasons stated below, the Court denies the Motion.

**I.   Background**

Ferguson is a resident of the Swiss Golf & Tennis Club Mobile Home Park. (Doc. # 1 at 2). Ferguson suffers from several health conditions but enjoys playing golf. (Id.). He contends that he and others similarly situated are able to play golf "by using a golf cart over the tees, course and greens such that they only need to park their golf carts a short distance from their ball given their limited walking range." (Id.). In the Complaint, Ferguson contends that:

> The Defendants provide for and allow golf cart usage to individuals who do not have disabilities but restrict the use of golf carts for all players, even those with disabilities, such that golf carts are not allowed on the tee boxes, to stop on the fairway, or to be parked within thirty feet of the green. The Defendants have discriminated and continue to discriminate against individuals with mobility disabilities by failing to provide such individuals with any accommodations at the Lake Henry Golf Club that they own, operate and/or contract for usage, even though reasonable accommodations exist, are available on the market or within the course itself, and are necessary to ensure that individuals with disabilities are not excluded, denied services, or otherwise treated differently.

(Id.). Ferguson initiated this action against CHC VII, LTD. on May 23, 2014 (Id.), setting forth the following counts: Violation of the Americans with Disabilities Act (ADA) (count I), and Declaratory Relief (count II). (Id.). CHC VII, LTD. filed the present Motion on October 30, 2014 (Doc. # 26). The Court has reviewed the Motion and is otherwise fully advised in the premises.

## II. Legal Standard

Judgment on the pleadings is appropriate when "there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). A fact is "material" if it "might affect the outcome of the suit under the governing

[substantive] law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. Mergens v. Druyfoos, 166 F.3d 1114 (11th Cir. 1999). On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept

3

as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

CHC VII, LTD. seeks dismissal of Ferguson's lawsuit for failure to state a claim for relief under Title III of the ADA. (See Doc. # 26). In the alternative, CHC VII, LTD. requests entry of a more definite statement as to all Counts. (Id.). CHC VII, LTD. argues that "Ferguson has failed to allege what barriers he encountered on CHC's property, whether he was able to overcome them, or how they impeded his use and enjoyment of the facility, as required to sufficiently allege a cause of action for liability under Title III of the ADA." (Id. at 2).

To that end, CHC VII, LTD. argues that the "Complaint is completely barren of facts and states nothing more than a recitation of various ADA guidelines with general conclusory statements unconnected to any specific allegations related to actual barriers." (Id.). Therefore, CHC VII, LTD. contends that the Complaint should be dismissed because it does not contain the requisite factual allegations to survive this Motion for Judgment on the pleadings. (Id. at 5).

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail under Title III of the ADA, a plaintiff "generally has the burden of proving: (1) that [he] is an individual with a disability, (2) that defendant is a place of public accommodation, (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of [his] disability." Schiavo ex rel Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005).

After careful consideration, the Court finds that Ferguson has properly pled, at this phase of the proceedings, a Title III ADA discrimination claim. Ferguson has alleged that he is disabled and is "only capable of walking very short distances and is only able to ambulate about ten to fifteen feet at a time without resting or requiring assistance." (Doc. # 1 at 2). The Court finds that this allegation meets the pleading requirement of demonstrating that Plaintiff is a disabled individual. See 29 C.F.R. § 1630.2(g)(1)(i) ("disability means, with respect to an individual[,] a physical or mental impairment that substantially limits one

or more major life activities of such individual"); 42 U.S.C. § 12102(2)(A) ("major life activities include . . . walking . . . .").

Likewise, the Court finds that by pleading that CHC VII, LTD. is the owner/operator of Lake Henry Golf Club (Doc. # 1), Ferguson has adequately alleged the second element of the prima facie case. 42 U.S.C. 12181(7)(E) and (F); see Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1240 (11th Cir. 2000) (noting that Congress provided for a "comprehensive definition of 'public accommodation' " in Title III of the ADA). The ADA specifically identifies golf courses as one of the covered places of public accommodation. See § 12181(7)(L) ("a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation"); and the distinctive "goo[d], servic[e], facilit[y], privileg [e], advantag[e], or accommodatio[n]" identified by that provision as distinctive to that category of place of public accommodation is "exercise or recreation." PGA Tour, Inc. v. Martin, 532 U.S. 661, 696 (2001). Next, the Court concludes that, by listing various barriers that preclude or limit Ferguson's ability to access the full and equal enjoyment of CHC VII, LTD.'s property (Id.), Ferguson has alleged CHC VII, LTD. denied full and equal enjoyment of the golf course. Finally, the Court finds

6

that Ferguson adequately alleged that the removal of the barriers at the property is readily achievable. (Id.).

The Court disagrees with CHC VII, LTD.'s argument that the Complaint lacks specificity regarding the barriers, or how these barriers violate the ADA and restrict Ferguson's access to the property. Instead, the Court finds that the Complaint provides CHC VII, LTD. "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a). The Complaint alleges that the various barriers limit Ferguson's ability to enjoy the premises fully and equally, and prevent him from fully accessing the property (Doc. # 1). Based on these allegations, the Court determines that Ferguson has afforded CHC VII, LTD. ample notice of what the case involves and, as a result, satisfies the pleading requirements articulated in Twombly and Iqbal. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). To the extent CHC VII, LTD. seeks more specific allegations of ADA violations, discovery will provide that specificity. Therefore, for the reasons stated above, CHC VII, LTD.'s Motion is denied and the alternative relief sought is also denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

7

Defendant CHC VII, LTD.'s Motion for Judgment on the Pleadings (Doc. # 26) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of November, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record